**In re Billy Joe PLASTER, SSN 547–60–8640, Betty June Plaster, SSN 441–48–2517, Debtors.**

**Bankruptcy No. 88–71102.**

United States Bankruptcy Court, E.D. Oklahoma.

Feb. 7, 1989.

## ORDER

JAMES E. RYAN, Bankruptcy Judge.

On this 7th day of February, 1989, Debtors' Motion to Clarify Order came before this Court for consideration and resolution. The Debtors seek a clarification of this Court's Order issued from the bench during a hearing on confirmation of their Chapter 13 Plan conducted December 14, 1988.

After review of the Motion and the applicable case law in this area, we FIND:

1. Debtors are the owners of a 1986 Oak Creek Mobile Home which is mortgaged to creditor Shelter America. This mobile home is admittedly used as the Debtors' principal residence. Under the terms of the Debtors' Chapter 13 Plan filed on September 16, 1988, the Debtors seek to modify the terms of their agreement with Shelter America pursuant to 11 U.S.C. § 1322(b)(2). The value of the mobile home is listed in the Debtors' Petition and Plan at $10,000 with the creditor's security interest in said mobile home being placed at $30,000.

2. The Debtors' attempted modification stems from § 1322(b)(2) wherein it states:

"(b) . . . the Plan may—

(2) modify the rights of holders of secured claims, *other than* a claim secured only by a security interest in real property that is the debtor's principal residence ..."

(Emphasis added)

It is apparent from the legislative history of this Section that Congress intended precisely what it wrote; that is, modification could be accomplished "except claims wholly secured by real estate mortgages." *See* S.Rep. No. 95–989, 95th Cong., 2d Sess. 141 (1978), U.S.Code Cong. & Admin.News 1978, pp. 5787, 5927.

Thus, the issue presented for consideration is whether a mobile home is deemed realty or personalty for the purpose of interpretation of the above referenced Section of the Bankruptcy Code.

■ 3. The determination of whether this property is real or personal in nature is governed by the applicable state law. *See* 5 Collier on Bankruptcy 1322.06 at 1322–14 (15th Ed.1980) and *In the Matter of Robert L. Colver*, 13 B.R. 521, 7 B.R.Ct.Dec. (CRR) 859 at 860 (Bankr.D.Nev.1981).

■ 4. Under Title 47 governing motor vehicles in the Oklahoma Statutes, a "manufactured home" is defined as:

"a structure, transportable in one or more sections, which, in the traveling mode, is eight (8) body feet or more in width or forty (40) body feet or more in length, or, when erected on site, is three hundred twenty (320) or more square feet, and which is built on a permanent chasis and designed to be used as a dwelling with or without a permanent foundation when connected to the required utilities, and includes the plumbing, heating, air conditioning, and electric systems contained thereon."

That Section further defines the term "mobile home" as "a manufactured home transportable in one section." Thus, the mobility aspect of the structure is emphasized and the placement of this particular definition in the Title governing motor vehicles seems to imply the characteristics of personalty to a mobile home.

5. Another method of interpreting the intent under Oklahoma law for the status of a mobile home is the method in which taxation is imposed. Under Title 68, § 2101 governing revenue and taxation, a "manufactured home" is defined as "every *vehicle* defined as a manufactured home in § 22.1 of Title 47 of the Oklahoma Statutes."

Former § 22.1 of Title 47 is presently § 1–123 quoted above.

A manufactured home is levied in excise tax similar to that done with other motor vehicles. Okla.Stat.Ann. tit. 68, § 2104.3 (West Supp.1988). Further, the homestead exemption available under Okla.Stat.Ann. tit. 68, § 2406 (West Supp.1988) defines the "homestead" as "the actual residence of a natural person who is a citizen of the State of Oklahoma ..." This would seem to ambiguously include a mobile home or manufactured home under said exemption. However, it has been determined that § 1–123 of Title 47 relating to the licensing of mobile homes does not allow a person owning a mobile home and utilizing it as a permanent residence to claim homestead exemption for ad valorem tax purposes when such person does not own the real estate upon which the mobile home is parked. Opinion of the Attorney General No. 69–308 (Nov. 10, 1969). There appears to have been no decision by a Court of competent jurisdiction to alter this opinion.

6. If a particular mobile home satisfies the definition set forth under the Oklahoma Statutes, it is the considered opinion of this Court that said mobile home is personalty and thus the mortgage on said mobile home may be modified under § 1322(b). *However*, when a mobile home loses the mobility aspect of its character, and becomes affixed to a particular parcel of real estate, and further if the owner of the mobile home and the real estate are in fact the same and the mobile home is used as the principal residence of the owner, said mobile home may in fact be deemed realty under this limited set of circumstances.

IT IS SO ORDERED.