**In re Ricky E. CARTER, Debtor.**

**Bankruptcy No. 90–20308–W–13.**

United States Bankruptcy Court, W.D. Missouri.

July 12, 1990.

Rick Fink, Chapter 13 trustee.

Maurice B. Soltz, Kansas City, Mo., for debtor.

Robert M. Liston, Sedalia, Mo., for Third Nat. Bank of Sedalia.

## MEMORANDUM OPINION

FRANK W. KOGER, Chief Judge.

The issue of the objection of creditor Third National Bank of Sedalia (hereinafter Bank) to the confirmation of debtor's plan turns on a singularly narrow issue, i.e., is a mobile home trailer still personal property or has it become real property for 11 U.S.C. § 1322(b)(2) purposes. A brief synopsis of the facts reveals that debtor borrowed $11,800.00 from the Bank in 1986. At the time of filing his petition in Chapter 13, debtor owed $11,845.53 to the Bank on the original note. That note is secured by a deed of trust on the real estate and a security agreement on the trailer or mobile home. The aforesaid note matured in July of 1989 and the entire balance was due before this bankruptcy was filed. Debtor by his plan would pay the balance plus 9% interest over the first 44 months of the plan, there really being only minor creditors other than the Bank.

At the hearing, photographs of the residence were introduced. The trailer cannot be seen. Debtor has enclosed the trailer in a wooden rectangle which is wood shingle in some places, plywood in some places, particle board in some places, and plastic sheeting in some places. Viewing the house from any of the four sides, it is impossible to tell that there is a trailer involved at all. The front view shows a front door, at least three windows, and two garage doors as apertures in the front wall. The back view shows at least two doors and two windows. There are neither windows nor doors shown on either end of the structure. It was not possible to tell what the roof was.

Counsel for debtor concedes that if there were only a deed of trust involved, his plan would violate 11 U.S.C. § 1322(b)(2). However, he asserts that by taking the security agreement, the Bank has more than real property for collateral and thus its rights can be modified since the trailer is personal property and it also secured the debt. The Court believes that counsel for debtor is incorrect. The trailer cannot be moved without destruction of at least one whole wall of the visible structure. Even then there is no showing that if one of the walls of the structure was torn down, that there is any way the trailer could be pulled out of the remaining three sided and covered box without further damage to some or all of the exterior structure.

The question of when a mobile home becomes part of the real estate, and is no longer personalty, has been the subject of considerable litigation in Missouri. The results of said litigation are not totally uniform, and the Court has been unable to find a reported case in which the mobile home was totally encased in a permanent exoskeleton of wood. However, the facts are somewhat analogous to those found in *Cattoor v. Wells*, 641 S.W.2d 492 (Ct.of App.1982) and the conditions required by V.A.M.S. § 700.110 for conversion to real estate have been met by the parties in this case.

The Court, therefore, rules that the mobile home has become real estate for the purposes of 11 U.S.C. § 1322(b)(2) and the debtor's plan cannot be confirmed. The only relief sought by the creditor's pleading was a denial of confirmation and that is granted.

The foregoing Memorandum Opinion constitutes Findings of Fact and Conclusions of Law as required under Rule 7052, Rules of Bankruptcy.

SO ORDERED.