566 So.2d 841 (1990)
GENERAL ELECTRIC CAPITAL CORPORATION, Appellant,
v.
Gerald SOHN, Appellee.
No. 89-3136.
District Court of Appeal of Florida, First District.
August 24, 1990.
Don D. Dye of the Dye Law Firm, P.A., Tallahassee, for appellant.
Gerald Sohn, pro se, Jacksonville, for appellee.
ALLEN, Judge.
Appellant, General Electric Capital Corporation, appeals a final judgment declaring appellee, Gerald Sohn, owner in fee simple of a mobile home, finding that such property constituted real property, and holding that the tax deed issued to appellee extinguished appellant's otherwise valid security interest. We affirm.
On or about May 18, 1981, Clarence Goodman entered into a retail installment contract for the purchase of a mobile home which obligated him to make monthly payments for fifteen years and gave the seller a security interest in the mobile home. The seller assigned its rights under the contract to Percy Wilson Mortgage and Finance Corporation which perfected its lien on the mobile home by filing the necessary documents with the Florida Department of Highway Safety and Motor Vehicles. Percy Wilson Mortgage and Finance Corporation was noted on the certificate of title issued to Goodman on August 28, 1981. Thereafter, Federal National Mortgage Association became the successor in interest to Percy Wilson's rights under the contract and lien. Appellant is the servicing agent for Federal National Mortgage Association.
The record demonstrates that Goodman permanently affixed the mobile home to a lot which he owned, that no license plate was affixed to the mobile home, and that, at all relevant times, Goodman remained the owner of the real property on which the mobile home was located. In addition, the real property was shown on the tax roll as being occupied by a mobile home, which was assessed and taxed together with the lot as real estate.
On December 9, 1987, appellee was issued a tax deed recorded in the official county records deeding to him the real property on which the mobile home was situated. The tax deed identified the lot but made no reference to the mobile home. Thereafter, appellee sought a judgment declaring him to be the fee simple owner of *842 the land and the mobile home and establishing that all interests, liens or other claims, including that of appellant, were no longer encumbrances on the property. Appellant responded with a cross claim for replevin. Subsequently, the trial court dismissed appellant's cross claim with prejudice and entered final judgment for appellee. The final judgment declared appellee the owner in fee simple of the real property identified in the tax deed, as well as the mobile home, and extinguished all outstanding claims, liens and interests.
As its first point on appeal, appellant contends that the trial court erred in characterizing the mobile home as real property. Appellant points out that the retail installment contract stated that the mobile home was to be considered personal property. Furthermore, although appellant recognizes the language in Section 320.015(1), Florida Statutes,[1] pertaining to the circumstances under which a mobile home is characterized as real property, it nonetheless contends that Section 320.015(2), Florida Statutes,[2] is controlling. According to appellant, this part of the statute demonstrates that even if the mobile home was taxed with the lot as real property, the court should have found as a matter of law that the valid outstanding security interest in the mobile home rendered it personal property for the purpose of determining whether such indebtedness secured by the property would survive a valid tax deed.
We disagree. The undisputed evidence shows that Goodman was the owner of both the lot and the mobile home, that there was never a license plate affixed to the mobile home, that it was affixed to the lot on which it was located and that the mobile home was taxed together with the lot as real estate. Section 193.075, Florida Statutes, states in pertinent part,
Any mobile home without a current license plate properly affixed ... shall be presumed to be either real property or tangible personal property. It shall be presumed to be real property only if the owner of the mobile home is also the owner of the land on which it is located and the mobile home is also permanently affixed to the realty.
The fact that the contract classified the mobile home as personal property is not dispositive. Section 320.015(2), Florida Statutes, clearly states that such a classification applies "for all purposes relating to the loan and security interest. ..." (Emphasis supplied). It does not, however, require such classification pertaining to the effect of a tax deed. Furthermore, Section 197.552, Florida Statutes, expressly provides, "Except as specifically provided in this chapter, no right, interest, restriction, or other covenant, shall survive the issuance of a tax deed... ." (Emphasis supplied). We, therefore, hold that the trial court correctly determined that the subject mobile home was real property for the purpose of evaluating the effect the valid issuance of a tax deed would have on the outstanding security interest.
For its final point, appellant contends that a tax deed for land upon which a mobile home is located should not serve to extinguish a valid, outstanding security interest in such mobile home, regardless of whether it is classified as real or personal property. Appellant cites Barnett Bank of Clearwater v. Rompon, 377 So.2d 981 (Fla. 2d DCA 1979), for the proposition that the only way a holder of a security interest in a *843 mobile home can perfect its lien is by registering it with the Department of Highway Safety and Motor Vehicles. Appellant then correctly points out that the holder of such a perfected security interest is nevertheless not entitled under Section 197.522, Florida Statutes, to prior notice of the issuance of a tax deed on real property to which a mobile home, which is the subject of a perfected security interest, has become affixed.
While appellant has made a compelling policy argument, it has presented its argument to the incorrect forum. Appellant should more properly address its argument to the Florida Legislature, which could consider modification of the statutory scheme provided for issuance of tax deeds. Until such time as the legislature changes the relevant statutes, this court is bound to follow the statutes as adopted, unless we find such statutes to be contrary to the provisions of the federal constitution or laws, or the state constitution.[3]
Accordingly, because we find that the trial court properly applied the applicable statutes, we affirm the final judgment.
ZEHMER and MINER, JJ., concur.
NOTES
[1] Section 320.015, Florida Statutes, states in pertinent part, "A mobile home ... shall be subject only to a license tax unless classified and taxed as real property. A mobile home is to be considered real property only when the owner of the mobile home is also the owner of the land on which the mobile home is situated and said mobile home is permanently affixed thereto."
[2] Section 320.015(2), Florida Statutes, states, "Notwithstanding the provisions of subsection (1), any mobile home classified by a seller or a lender as personal property at the time a security interest was granted therein to secure an obligation shall continue to be so classified for all purposes relating to the loan and security interest, at least as long as any part of such obligation, or any extension or renewal thereof, remains outstanding. Classification of a mobile home as personal property by a seller or a lender shall not prohibit the owner from having the mobile home classified and taxed as real property under subsection (1)."
[3] The appellant does not challenge the statutory scheme under principles of due process, e.g., Mennonite Bd. of Missions v. Adams, 462 U.S. 791, 103 S.Ct. 2706, 77 L.Ed.2d 180 (1983), and Quay Development Inc. v. Elegante Building Corp., 392 So.2d 901 (Fla. 1981). Consequently, we have not addressed such issues.