SMITH, Judge.
Appellant, USA Financial Services (USA), challenges a final judgment dismissing its complaint in a replevin action seeking possession of a mobile home. Following a judge trial, the lower court entered a final judgment in which it concluded that USA’s perfected security interest in the mobile home was inferior to the interest acquired by appellee Sherman Evans under a final judgment imposing a constructive trust and lien against the mobile home in favor of Evans. We reverse.
Appellant’s claim to the mobile home arose from a transaction in which it loaned money to appellee Charlotte Steward, who then executed a promissory note and a security agreement covering the mobile home.[1] On June 27, 1989 appellant’s lien was recorded on Steward’s certificate of title to the mobile home pursuant to section 319.27, Florida Statutes.
Prior to appellant’s transaction with Steward, appellee Evans had loaned money to Steward for the purchase of a certain parcel of land.[2] To secure the loan from Evans, Steward had agreed to execute a mortgage on the land after it was purchased; however, Steward failed to perform as agreed. Consequently, in January 1989, appellee Evans filed suit against Steward to impose a constructive trust on the land, and was successful in obtaining a final judgment dated September 22, 1989 awarding him a constructive trust and a mortgage lien on the land. Neither the complaint filed by Evans, the notice of lis pendens, or the September 22, 1989 final judgment mentioned the mobile home.
Subsequent to the conclusion of the Evans litigation, appellant USA filed suit to *301 recover possession of the mobile home, alleging default by Steward in her obligations under the promissory note and security agreement. Appellee Evans, also named as a party defendant, was alleged to be the party in possession of the mobile home. Evans answered USA’s complaint, alleging that on or before the time USA obtained its security interest, the mobile home was affixed to and had become a part of the real property upon which it was located, and that Evans had also filed his action for a constructive trust and a notice of lis pendens, prior to the date of USA’s security interest. After a trial before the court on USA’s replevin claim, the court entered a final judgment in favor of USA, but on rehearing, the judgment was set aside, and the final judgment on appeal in favor of Evans was entered.
In the final judgment, the trial court made comprehensive findings of fact before concluding that appellee Evans’ lien under the final judgment for constructive trust was superior to USA’s perfected security interest in the mobile home. The court found that although neither Evans’ complaint nor the Us pendens mentioned the mobile home, it was subsequently established that the mobile home was attached to the real property at the time of the sale to Steward, and that Evans had possession of the mobile home pursuant to a post-judgment writ of attachment subsequently entered for enforcement of the final judgment in his constructive trust action. The court also found that while USA loaned money to appellee Steward and perfected its security interest in the mobile home on June 27, 1989, the claim of Evans under his judgment was nevertheless superior to USA’s claim. On this issue the court concluded:
At all times material hereto, the subject mobile home was affixed and part of the real property. At the time the Defendant, Steward, executed the Note and Security Agreement, the Lis Pendens was filed and Plaintiffs were on actual or constructive notice of Defendant, Sherman Evans’ claim to said property. That the mortgage and lien placed on the real property by the Court’s Final Judgment of September 27,1989, also applied to the mobile home affixed and attached thereto. That the Lien created by the Final Judgment is superior to Plaintiff’s security interest ...
Accordingly, the trial court found that USA was entitled to no relief, and its complaint was dismissed.
On appeal, appellant does not take issue with the findings of fact made by the trial court. Instead, appellant contends that these findings do not support the trial court’s conclusion that USA’s perfected security interest in the mobile home is inferi- or to the claim of Evans under the constructive trust judgment. We agree with appellant’s position, and find that the trial court was in error in concluding that the law affords a basis for the conclusion that USA’s lien is inferior under the facts present here.
We think this case is governed by the plain language of the statute providing for the acquisition of liens on mobile homes. Section 319.27(2), Florida Statutes (1989), provides in part as follows:
(2) No lien for purchase money or as a security for a debt in the form of a security agreement, retain title contract, conditional bill of sale, chattel mortgage, or other similar instrument upon a motor vehicle or mobile home upon which a Florida certificate of title has been issued shall be enforceable in any of the courts of this state against creditors or subsequent purchasers for a valuable consideration and without notice, unless a sworn notice of such lien has been filed in the department and such lien has been noted upon the certificate of title of the motor vehicle or mobile home. Such notice shall be effective as constructive notice when filed. No interest of a statutory nonpossessory lienor; the interest of a nonpossessory execution, attachment, or equitable lienor; or the interest of a lien creditor as defined in s. 679.301(3), if nonpossessory, shall be enforceable against creditors or subsequent purchasers for a valuable consideration unless such interest becomes a possessory lien *302 or is noted upon the certificate of title for the subject motor vehicle or mobile home prior to the occurrence of the subsequent transaction....
It is undisputed that USA perfected its security interest in accordance with the statute, by filing its notice of lien with the Department of Highway Safety and Motor Vehicles, and by having its lien noted on the certificate of title for the mobile home. This occurred on June 27, 1989.[3]
We find that the trial court was in error in concluding that appellee Evans’ suit for constructive trust and the accompanying lis pendens had the effect of conferring some right or interest in the mobile home upon Evans, or of preventing USA from subsequently becoming a first priority lienor by perfecting its security interest under the statute. Initially, we note that in the context of a dispute under the Uniform Commercial Code, the filing of a notice of lis pendens does not in itself create any interest in the property, nor does it create any superior rights for the litigant who filed the notice. National Bank of Sarasota v. Dugger, 335 So.2d 859, 860 (Fla.2d DCA 1976), cert. denied, 342 So.2d 1101 (Fla.1976). Moreover, the mere fact that the mobile home was affixed to the land sold by Evans to Steward — the land described in his complaint for constructive trust and the lis pendens — has no bearing upon USA’s ability to obtain a security interest in the mobile home from Steward. There is no contention that any person other than Steward was in possession of the mobile home at the time Steward executed the security agreement and USA perfected its security interest. The statute itself, as seen from the portions above quoted, provides that no interest of a nonpossessory lienor, whether the lien is statutory, execution, attachment or equitable, shall be enforceable against creditors or subsequent purchasers unless such interest becomes a possessory lien or is noted upon the certificate of title, “prior to the occurrence of the subsequent transaction.” § 319.27(2), Fla. Stat. (1989). Obviously, Evans did not have possession and his later established equitable lien had not been recorded on the certificate of title when USA perfected its lien.
"Any mobile home ... shall be presumed to be real property only if the owner of the mobile home is also the owner of the land on which it is located and the mobile home is also permanently affixed to the realty.” A similar provision is found in section 320.015(1), Florida Statutes, pertaining to taxation of mobile homes. Subsection (2) of section 320.015 provides further, in part, that classification of a mobile home by a seller or lender does not prevent the owner from having the mobile home classified and taxed as real property under subsection (1).
Indications are that the trial court relied upon this court’s decision in General Electric Capital Corp. v. Sohn, 566 So.2d 841 (Fla. 1st DCA 1990), in concluding that appellee Evans’ equitable constructive trust claim was superior to USA’s perfected security interest. In Sohn, we affirmed the judgment of the trial court holding that a tax deed issued to a mobile home’s owner extinguished an otherwise valid security interest held by a creditor. In that case, owing to the peculiarities of the governing statutes, this court held that a tax deed for land upon which is located a mobile home which has become permanently affixed to the realty so as to be entitled to be classified and taxed as real property under section 193.075, Florida Statutes, can serve to extinguish an otherwise valid, outstanding security interest in such mobile home.[4] In so holding, the court specifically relied upon section 197.552, Florida Statutes, which expressly provides that no right, interest, restriction or other covenant, “shall survive the issuance of a tax deed....”
The trial court in the case before us evidently reasoned that since the mobile home in question here was permanently affixed to the real property, as was the mobile home in Sohn, the mobile home must consequently be treated for all purposes as real property, in which event the notice of lis pendens would serve to pre *303 vent the acquisition of a superior lien by USA. The issue of priority, however, is not determined in the ordinary case based upon whether or not the mobile home has become permanently affixed to the realty. The result in Sohn is dictated by the express language of the statutes pertaining to the classification of mobile homes as real property under certain circumstances, and to the issuing of tax deeds. These statutes have no relevancy to the case before us.
In this case, Evans had no perfected interest in the mobile home whatever until subsequent to the September 22, 1989 final judgment, when he recorded his judgment and secured the issuance of a writ of execution and attachment for possession of the mobile home. As noted, USA’s security interest had been perfected several months prior to these events.
Accordingly, the final judgment is REVERSED, and the cause is REMANDED to the trial court for entry of a final judgment granting relief as sought by USA in its complaint.
WIGGINTON and KAHN, JJ., concur.

. Charlotte Steward, although named as a party, makes no appearance in this appeal.

. Although the warranty deed whereby this land was conveyed to Steward is not in the record, recitals in the final judgment on appeal indicate that the mobile home in issue was described in and included in this deed.

. Although the final judgment does not state the date on which USA's lien was perfected, the record contains a copy of the certificate of title for the mobile home upon which it is noted that USA’s lien was filed on June 27, 1989.

. Section 193.075, Florida Statutes, provides, in pertinent part: