**In re Eric E. JOHNSON, Ericka N. Johnson, Debtors.**

No. 01–2839–WRS.

United States Bankruptcy Court, M.D. Alabama.

Oct. 29, 2001.

Michael D. Brock, Brock & Stout, Enterprise, Alabama, for debtors.

Robert D. Reynolds, Reynolds, Reynolds & Duncan, P.C., Montgomery, Alabama, for Regions Bank.

Curtis C. Reding, Montgomery, Alabama, for Chapter 13 trustee.

### MEMORANDUM DECISION

WILLIAM R. SAWYER, Chief Judge.

This Chapter 13 case came before the Court on September 5, 2001, upon Regions Bank's Objection to Confirmation of the Debtor's Chapter 13 Plan. (Doc. 11). The Debtor was present by counsel Michael Brock and Regions Bank was present by counsel Robert D. Reynolds. For the reasons set forth below, the objection of Regions Bank is OVERRULED. The Court will, by separate order, confirm the Debtors' Chapter 13 Plan.

Regions Bank holds a mortgage on land owned by the Debtors. In addition, the Debtors own a mobile home which sits upon the land, but is not permanently affixed to it. The Debtors' Chapter 13 Plan provides that Regions Bank's claim in the amount of $9,731.28 is secured only to the extent of the value of the land, which in

this case is $2,960, leaving the balance of the indebtedness to be paid as an unsecured claim. Regions Bank contends that the Debtors may not modify their claim and that they are entitled to payment in full, with interest. This contested matter turns on the question whether the claim of Regions Bank falls under the protection of the anti-modification provision of 11 U.S.C. § 1322(b)(2). Regions Bank objects to confirmation of the Debtors' Chapter 13 Plan, contending that the anti-modification provision of 11 U.S.C. § 1322(b)(2), precludes such treatment, citing the recent decision of the Eleventh Circuit Court of Appeals in *In re Tanner*, 217 F.3d 1357 (11th Cir.2000). The Debtors contend that Regions is secured only by a mortgage upon real property and that it does not have a security interest in the Debtors' mobile home, which is the Debtors' residence. The Debtors contend that the anti-modification provision does not apply here because Regions does not hold a security interest in the Debtor's residence.

## I. FINDINGS OF FACT

The facts of this case were stipulated to by the parties at the hearing and are not in dispute. Regions Bank has filed a claim in the amount of $13,021.08, all of which it claims is secured. There are two aspects of the claim which are troublesome. First, Regions admits in its objection that the balance on the indebtedness is $9,623.46.[1] Regions admits in its objection that the proof of claim amount includes "precomputed" interest. As this is simply another

name for "unmatured" interest, which is not allowable, the Court will disregard the proof of claim amount. 11 U.S.C. § 502(b)(2).

Second, Regions has attached a copy of an unrecorded mortgage to its Proof of Claim. Where, as here, a creditor claims that it holds a security interest, it must attach proof of perfection to its proof of claim. Rule 3001(d), Fed.R.Bankr.P. As no proof of perfection has been attached, Regions' claim is deficient. As the Debtors did not dispute Regions' claim of a security interest in the land, for purposes of this decision, the Court will treat Regions' claim as secured by the land, notwithstanding the defect in its proof of claim.[2] Regions has not provided any evidence that it holds a perfected security interest in the mobile home and the Court does not understand Regions to claim to have such a perfected interest[3], separate from its mortgage upon the land.

It is not in dispute that the mobile home in question is not permanently affixed to the subject real property. It is likewise undisputed by the Debtors that the mobile home sits upon the real property. Moreover, the mobile home is the Debtors' principal residence. The mobile home has a certificate of title which is in the possession of Greenpoint Credit. Regions Bank does not have a security interest of record on the certificate of title.

## II. CONCLUSIONS OF LAW

 This Court has jurisdiction to hear this contested matter pursuant to 28

---

1. This amount is slightly less than the $9,731.28 amount in the plan. As the difference between these two figures is insignificant, the Court will use the amount provided for in the plan for purposes of this decision.

2. This does not bind the Court in the event a party in interest elects to challenge Regions Bank's claim of a security interest in any future proceeding.

3. While the mortgage attached to the Proof of Claim filed by Regions does list the mobile home as collateral, Regions failed to properly perfect its interest in the mobile home pursuant to the Alabama Uniform Certificate of Title and Antitheft Act, ALA.CODE § 32–8–1, et seq.

U.S.C. § 1334. This is a core proceeding which may be heard and determined by a bankruptcy judge. 28 U.S.C. § 157(b)(2)(L).

This contested matter presents the question whether the holder of claim secured by real property upon which a mobile home sits is subject to the anti-modification provision of 11 U.S.C. § 1322(b)(2), which provides as follows:

> (b) ... the plan may—
>
> \* \* \* \* \* \*
>
> (2) modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence ...

11 U.S.C. § 1322(b)(2).

This code provision, which is sometimes referred to as the anti-modification provision of Section 1322, bars a debtor from modifying the rights of one who holds a claim secured by a security interest in *real property that is the debtor's principal residence. See Nobelman v. American Savings Bank,* 508 U.S. 324, 113 S.Ct. 2106, 124 L.Ed.2d 228 (1993) (emphasis added) (undersecured holder of mortgage upon real property which is the debtor's principle residence must be paid in full, with interest). There are two requirements to invoke the protection of this section. First, the subject property must be real property. Second, the real property must be the Debtors' principal residence.

It should be born in mind that this statute is an exception to the general rule which applies to undersecured claims in bankruptcy. In general, a secured claim is allowed only to the extent of the value of the creditors interest in the estate's interest in the property. 11 U.S.C. § 506(a); *see also Nobelman v. American Savings Bank,* 508 U.S. 324, 331–32, 113 S.Ct. 2106, 2111, 124 L.Ed.2d 228 (1993). To the ex-tent that the claim is unsecured, it may be treated as other unsecured claims, which are usually treated less favorably than secured claims. This process of allowing secured claims only the extent of the value of the collateral and allowing the remainder as an unsecured claim is sometimes called bifurcation. The act of using a plan to pay only the secured portion of an indebtedness is sometimes called "lien stripping" or "stripping down." *Tanner v. FirstPlus Financial, Inc.,* 217 F.3d 1357, 1358 n. 4 (11th Cir.2000); *Lomas Mortgage, Inc. v. Louis,* 82 F.3d 1, 2 n. 1 (1st Cir.1996). Using bankruptcy vernacular, the Debtors' are attempting to strip the lien of Regions to the value of the land, while Regions argues that the anti-modification provision of Section 1322(b)(2) protects the lien.

■ As this case turns on the question whether Regions Bank has a security interest in real property which is the Debtors' principal residence, we must look to Alabama law to determine whether the interest in question is real property or personal property. *Nobelman v. American Savings Bank,* 508 U.S. 324, 329, 113 S.Ct. 2106, 2110, 124 L.Ed.2d 228 (1993); *Butner v. United States,* 440 U.S. 48, 54–55, 99 S.Ct. 914, 918, 59 L.Ed.2d 136 (1979). Under Alabama law, a mobile home which is not permanently affixed to the land is personal property. *First Alabama Bank v. Renfro,* 452 So.2d 464, 467 (Ala.1984). Mobile homes in Alabama with designated model years of 1990 or later must have a certificate of title. ALA.CODE § 32–8–30(b). If steps are taken to permanently affix the mobile home to the land, such as removing the wheels and axles, enclosing it with concrete blocks and building on a porch, the mobile home may become real property. *In re Carroll,* 67 B.R. 1020, 1022 (Bankr.N.D.Ala.1986); *In re Morphis,* 30 B.R. 589, 591 (Bankr.

N.D.Ala.1983). If a mobile home which bears a certificate of title becomes permanently attached to the land, the owner may make application to cancel the certificate of title. ALA.CODE § 32–8–30(c). In the case at bar, the Debtors have taken no action to permanently affix the mobile home to the land and a certificate of title has been issued by the State of Alabama. The Court concludes in this case, that the Debtors' mobile home is their principal residence which is personal property under Alabama law. It follows that the land upon which the mobile home sits is not the Debtors' residence. To put the matter differently, the Debtors live in the mobile home which is personal property, unaffixed to the land. The land upon which the mobile home sits is separate from the mobile home and does not constitute the Debtors' residence. As Regions Bank does not have a security interest in the Debtors' residence, they are not protected by the anti-modification provision and their rights may be modified under a Chapter 13 Plan.

Regions Bank cites a recent decision from the Eleventh Circuit Court of Appeals in support of its position. *Tanner v. FirstPlus Financial, Inc. (In re Tanner)*, 217 F.3d 1357 (11th Cir.2000). In *Tanner*, a Debtor attempted to "strip" the lien of a junior mortgage upon the debtor's residence. The Court in *Tanner* found that the second mortgage was completely unsecured and therefore not protected by the anti-modification provision of Section 1322(b)(2). The rule in *Tanner* is that if a second mortgage is completely unsecured, that is the value of the property is less than the amount of the indebtedness secured by the first mortgage, then the second mortgage may be treated as unsecured and "modified" (to use the terminology of Section 1322 of the Bankruptcy Code) or "stripped" (using a common bankruptcy colloquialism). It should

be noted that the decision in *Tanner* has been questioned by another panel in a subsequent decision of the Eleventh Circuit. *American General Finance, Inc. v. Dickerson (In re Dickerson)*, 222 F.3d 924 (11th Cir.2000).

The factual setting here is different and for that reason, the rule announced in *Tanner* does not apply. In *Tanner*, there were two mortgages upon residential real property. In the case at bar, Regions has a valid first mortgage upon real property which is not the Debtors' residence. The Debtor's reside in the mobile home, which is encumbered by a security interest in favor of another creditor. Regions Bank does not have a validly perfected second lien upon the mobile home. That the Debtors own a mobile home, which is personal property and which happens to rest upon the subject real property, does not make Regions Bank's collateral residential real property. The general rule in cases under Chapter 13 of the Bankruptcy Code is that rights of holders of secured claims may be modified. 11 U.S.C. § 1322(b)(2). There is an exception when the claim is secured solely by residential real property. *Id.* As Regions Bank does not fit within the exception of the statute, its rights may be modified.

Support for the Debtors' position may be found in a case recently decided by the Second Circuit Bankruptcy Appellate Panel, which held that the anti-modification provision of Section 1322(b)(2) did not protect a lien upon a mobile home in New York. *Green Tree Credit Corporation v. Thompson (In re Thompson)*, 217 B.R. 375 (2nd Cir. BAP 1998). The Court in *Thompson* found that, as a matter of New York law, that the Debtor's mobile home was personal property. It further found that the exception to the anti-modification provision of Section 1322(b)(2) applies only to real property, which is the Debtor's

principal residence and that personal property was excluded. In other words, the anti-modification provision of Section 1322(b)(2) does not protect the holders of security interests in mobile homes, if the mobile homes are personal property.

Further support for the Debtors' position may be found in a decision handed down by a Bankruptcy Court in New Hampshire. *In re Smith,* 176 B.R. 298 (Bankr.D.N.H.1994). In *Smith,* the Bankruptcy Court found that the subject mobile home was real property, applying New Hampshire law. As the subject property in that case was real property, the secured lender's claim fell within the anti-modification provision of Section 1322(b)(2). *See also In re Speights,* 131 B.R. 205 (Bankr. N.D.Fla.1991) (Mobile home which was permanently affixed to the land is real property, applying Florida law, and the indebtedness could not be modified). To put the matter simply, the holder of a security interest in a mobile home, which is the debtor's principal residence, falls within the protection of the anti-modification provision if local law defines mobile homes as real property, but is not protected if local law defines them as personal property.

### III. CONCLUSION

As Regions Bank has a security interest in land upon which the Debtors' mobile home sits, but does not have a perfected security interest in the mobile home, which is personal property, it is not protected by the anti-modification provision of Section 1322(b)(2). For this reason, Regions Bank's objection to confirmation of the Debtors' Chapter 13 Plan is OVERRULED. A separate order consistent with this memorandum decision will be entered by the Court. Also, the Court will, by separate order, confirm the Debtors' Chapter 13 Plan.

### *ORDER OVERRULING OBJECTION TO PLAN*

For the reasons set forth in this Court's Memorandum Decision of this date, the objection to confirmation of the Debtors' Chapter 13 Plan is OVERRULED. The Court will, by separate order, enter an order confirming the Debtors' Chapter 13 Plan.