426 So.2d 74 (1983)
John W. MIKOS, Property Appraiser of Sarasota County, Florida, Appellant,
v.
KING'S GATE CLUB, INC., et al., Appellees.
No. 82-1047.
District Court of Appeal of Florida, Second District.
February 4, 1983.
Fred Pflaum and John C. Dent, Jr., of Dent, Pflugner, Rosin, Haben & Hendricks, Sarasota, for appellant.
Ray Graham, Sarasota, for appellees.
GRIMES, Judge.
This case involves the question of whether mobile homes at King's Gate Mobile Home Park in Sarasota County may be taxed as real property.
King's Gate Club, Inc., a nonprofit corporation, has fee simple ownership of the real property comprising King's Gate Mobile Home Park. According to its charter, the corporation's purpose is to operate the mobile *75 home park for the use and benefit of its members. The corporation is expressly prohibited from selling or leasing any lot or site in the park.
The park has 331 sites and the same number of authorized memberships. Each membership entitles the member to locate a mobile home in the park at a site designated by the directors. No member has ever been required to move his mobile home to another site. Memberships have been sold for either $7,500 or $12,000. The members do not pay rental but they do pay a monthly maintenance fee. Each member's certificate states that the holder does not own any interest in land. The members may transfer their certificates by sale with the corporation having the right of first refusal.
The park was advertised in local publications as an "ownership park, rent free." The corporation's prospectus stated that in the event of dissolution its assets would be divided equally among the members in good standing. The prospectus also provided that "taxes assessed on the mobile homes shall be paid either by mobile home license or ad valorem basis whichever prevails by the Club member on which the tax was levied."
The mobile homes located in the park came from the manufacturer on axle wheels in sections twelve feet wide. Once delivered, the sections were placed on a cement pad and leveled. The units were tied to the ground with straps that are attached to anchors and driven into the ground. The wheels, axle, springs and tires were removed and the towing tongues cut off. The bylaws of the corporation require each member to install a carport or a garage and a decorative block skirting around the home. Most members have also attached other structures such as porches and utility rooms.
The property appraiser of Sarasota County sought to assess the mobile homes as real property to the club members. King's Gate Club, Inc., and its members brought suit to enjoin this method of assessment. Following a hearing, the court concluded that the mobile homes placed in the park were permanently affixed to the land and were a part of the real property. However, the court further ruled that the club members were not owners of the land within the meaning of section 320.015, Florida Statutes (1981), thereby holding that the mobile homes could not be taxed as real property. The property appraiser appealed the latter determination. The corporation and the club members cross-appealed the court's finding that the mobile homes were part of the realty.
The pertinent portion of section 320.015 reads as follows:
320.015 Taxation of mobile homes.  A mobile home, as defined in s. 320.01(2), regardless of its actual use, shall be subject only to a license tax unless classified and taxed as real property. A mobile home is to be considered real property only when the owner of the mobile home is also the owner of the land on which the mobile home is situated and said mobile home is permanently affixed thereto.
Obviously, the issue turns on whether the King's Gate Club members may be deemed owners of the land for purposes of the statute. In holding that the members were not owners, the court reasoned that their ownership certificates did not confer the right to occupy or use any specific park site and that they may be forced to leave the park if the monthly maintenance fees are not paid.
Admittedly, no member owns legal title to the site upon which his mobile home is situated. Yet, the term "owner" has not always been limited in meaning to the legal title holder. See Roberts v. First Federal Savings & Loan Association, 222 So.2d 32 (Fla. 2d DCA 1969), vendee under a land purchase contract deemed to be an owner against whom a statutory surveyor's lien could be asserted; Pensacola Scrap Processors, Inc. v. State Road Department, 188 So.2d 38 (Fla. 1st DCA 1966), holding that a tenant at will is an owner of property in the constitutional sense, so as to be entitled to compensation in an eminent domain proceeding; Wingert v. Prince, 123 So.2d 277 (Fla. 2d DCA 1960), holding that a tenant at *76 sufferance was an owner for purposes of condemnation.
In providing for homestead exemption, article VII, section 6(a), Florida Constitution, states:
The real estate may be held by legal or equitable title, by the entireties, jointly, in common, as a condominium, or indirectly by stock ownership or membership representing the owner's or member's proprietary interest in a corporation owning a fee or a leasehold initially in excess of ninety-eight years.
The mobile home sites at King's Gate fall directly within the scope of this provision because they are "held by equitable title... indirectly by ... membership representing the ... member's proprietary interest in a corporation owning a fee." See 1975 Op. Att'y Gen. 075-159 (June 3, 1975). If King's Gate members are qualified to obtain homestead exemption on these sites, it follows that their interest in their respective sites is one of ownership.
In the words of our supreme court, in our deliberations we are
authorized to look through form to fact and substance to answer the question of tax exemption or tax liability... . If the positive law (constitution or statute) does not give a direct answer to the question, the court is at liberty on the factual basis to indulge the rule of reason to reach a result consonant with law and justice.
... .
... We never decide such questions in isolation, but we lay the statute beside the facts and deduce what appears to be the rational result. If a court is not permitted to look through the letter of the statute and apply it to facts as they exist, then the legislative declaration of a falsehood may, in many cases, amount to the judicial declaration of a truth.
Bancroft Investment Corp. v. City of Jacksonville, 157 Fla. 546, 562-64, 27 So.2d 162, 171 (1946).
To permit the members of the King's Gate Club to avoid the payment of real estate taxes because they maintain their interest in the mobile home sites through the vehicle of a nonprofit corporation would unfairly place a disproportionate burden on other taxpayers of the county. See Korash v. Mills, 263 So.2d 579 (Fla. 1972). Each member has practical dominion over his designated site which is essentially equivalent to ownership. We hold that each member's interest in the site on which his mobile home is affixed constitutes ownership for the purpose of section 320.015.
With respect to the cross-appeal, we believe the evidence clearly supports the conclusion of the trial judge that the mobile homes were permanently affixed to the real property. As such, they became subject to real property taxation.
REVERSED.
HOBSON, A.C.J., and LEHAN, J., concur.