529 So.2d 360 (1988)
Ellis NORDBECK, Appellant,
v.
Kenneth M. WILKINSON, Lee County Property Appraiser, Randy Miller, Executive Director, Florida Dept. of Revenue, and Dick Steele, Lee County Tax Collector, Appellees.
No. 88-327.
District Court of Appeal of Florida, Second District.
August 10, 1988.
*361 Ellis Nordbeck, pro se.
Michael C. Tice of Stewart & Keyes, Fort Myers, for appellees Wilkinson and Miller.
Kenneth A. Jones of Humphrey, Jones & Myers, P.A., Fort Myers, for appellee Steele.
LEHAN, Judge.
Plaintiff appeals from a final judgment which ruled that ad valorem taxation and special tax assessments against his mobile home were valid. We affirm.
On appeal plaintiff first contends that ad valorem taxation of his mobile home was improper in light of article VII, section 1(b) of the 1968 Florida Constitution which provides that "mobile homes, as defined by law, shall ... not be subject to ad valorem taxes." However, that contention overlooks the portion of article VII, section 1(b) which qualifies the term "mobile homes" by the phrase "as defined by law." The law, by virtue of section 320.015(1), Florida Statutes (1987), takes mobile homes which are permanently affixed to land owned by the mobile home owner out of the definition of mobile homes, as referred to in article VII, section 1(b) and puts them into the category of taxable real property. See Commentary to Article XII of the 1968 Florida Constitution, 26A West's Florida Statutes Annotated 3 (1970). See also § 320.0815(2), Fla. Stat.(1987). While plaintiff contends that for this purpose he is not the owner of the land to which his home is affixed, we disagree. Plaintiff holds a membership certificate in the corporation which holds legal title to the land on which his home is located. Thus, he is the owner of that land for present purposes. See Mikos v. King's Gate Club, Inc., 426 So.2d 74 (Fla. 2d DCA 1983).
Plaintiff's contention that the special tax assessments are invalid is based upon article VII, section 6(d) of the 1968 Florida Constitution, which provides a $25,000 homestead exemption. However, as the trial court ruled, special assessments imposed by special districts, as were the assessments involved here, are not affected by the homestead exemption. See § 196.031(1), Fla. Stat.(1987).
Affirmed.
CAMPBELL, C.J., and HALL, J., concur.