Mr. George K. Gaskell Attorney For Hillsborough County Property Appraiser
QUESTION:
May a mobile home owner, who otherwise qualifies for the homestead exemption, claim the exemption when the land on which the mobile home is located is owned by a corporation organized as a cooperative association and leased to the mobile home owner upon purchase of membership in the corporation.
SUMMARY:
A mobile home owner, who otherwise qualifies for the homestead exemption, is not entitled to the exemption when the land on which the mobile home is located is owned by a corporation organized as a cooperative association and is leased to the mobile home owner upon the purchase of a membership certificate in the corporation.
While it is the responsibility of the county property appraiser to assess real property and determine whether the requirements for homestead exemption have been met,[1] the following comments are offered in an effort to provide some guidance.
According to your letter, the mobile home in question is located on land owned by a mobile home trailer park which is organized as a cooperative association. The association sells membership certificates in the association to a mobile home owner (owner) who receives, with the purchase of membership, a lease entitling the owner to occupy a mobile home site on the land. It is assumed for purposes of this opinion that the mobile home owner is otherwise entitled to the homestead exemption.
Section 6, Art. VII, State Const., provides for a homestead exemption from ad valorem taxation for "[e]very person who has the legal or equitable title to real estate and maintains thereon the permanent residence of the owner . . . ." The real estate may be held by "legal or equitable title,[2] by the entireties, jointly, in common, as a condominium, or indirectly by stock ownership or membership representing the owner's or member's proprietary interest in a corporation owning a fee or a leasehold initially in excess of ninety-eight years."[3]
Section 196.031(1), F.S., reflects this constitutional provision, stating in part:
 Every person who has the legal title or beneficial title in equity to real property in this state and who resides thereon and in good faith makes the same his permanent residence . . . is entitled to an exemption . . . on the residence and contiguous real property, as defined in s. 6, Article VII of the State Constitution. Such title may be held by the entireties, jointly, or in common with others . . . [and] may be allowed on each apartment occupied by a tenant-stockholder or member of a cooperative apartment corporation and on each condominium parcel occupied by its owner . . . .
"Cooperative apartment corporation" is statutorily defined as "a corporation . . . organized for the purpose of owning, maintaining, and operating an apartment building or apartment buildings to be occupied by its stockholders or members."[4]
The term "tenant-stockholder or member" is defined as an "individual who is entitled, solely by reason of his ownership of stock or membership in a cooperative apartment corporation, to occupy for dwelling purposes an apartment in a building owned by such corporation."[5]
Therefore, in the case of cooperative ownership, the Legislature has extended the homestead exemption to those taxpayers who have stock or membership representing their proprietary interest in a cooperative apartment corporation. In such cases, the owner is deemed to have sufficient title to qualify for the exemption.[6]
Thus, a tenant-stockholder or member of a cooperative apartment corporation, who is entitled, solely by reason of his stock ownership or corporation membership to occupy an apartment in a building owned by the corporation, is deemed to have a beneficial title in equity to the apartment and a proportionate share of the land on which the building is situated.[7]
In the instant inquiry, it appears from your letter that the corporation in question is a cooperative association.[8]
However, nothing in the information provided to this office indicates that the corporation in question qualifies as "a cooperative apartment corporation" which, as discussed supra, is statutorily defined as a corporation "organized for the purpose of owning, maintaining, and operating an apartment building . . . to be occupied by its stockholders for . . . dwelling purposes.
"Had the homestead exemption been available to all cooperative associations, it would have been unnecessary for the Legislature to specifically extend the exemption to cooperative apartment associations.[9] Moreover, where a statute enumerates the things on which it is to operate, it ordinarily is to be construed as excluding from its operation all those not expressly mentioned.[10] This office has previously stated that the statutory language of ss. 196.031 and 196.041, F.S., demonstrates that the Legislature proposed the additional extension of the homestead exemption only to owners of condominiums and cooperative apartments and no others.[11]
The statutes are presumptively valid and must be given effect until determined otherwise by a court of competent jurisdiction in an appropriate judicial proceeding.[12]
Taxpayers, making a permanently affixed mobile home their permanent residence, may qualify for the homestead exemption when the land on which their mobile home is located is titled in a corporation and the stock they own or membership interest in the corporation represents a proportionate interest in the land and entitles the mobile home owner to occupy the land. However, as this office stated in AGO 80-32, a mobile home owner, otherwise meeting the statutory requirements for homestead exemption, is not entitled to the exemption when the fee title to the land on which his mobile home is located is owned by a corporation from which the owner was required to purchase stock of the corporation and to pay rent In order to occupy the lot.
You refer to Mikos v. King's Gate Club, Inc.,[13] in which the court considered the applicability of the homestead exemption where shares of stock in a corporation entitled the stockholders to occupy land owned by the corporation. No rents were required to be paid to the owner or operator of the mobile home park for occupancy and use of the mobile home lots or sites for dwelling purposes.
The court concluded that the practical dominion that members of the park had over designated sites was essentially equivalent to ownership, thus rendering the mobile homes taxable as real property. In dicta, the court stated that the sites fell directly within the scope of s. 6(a), Art. VII, State Const., because they are "held by equitable title . . . indirectly by . . . membership representing the . . . member's proprietary interest in a corporation owning a fee."[14]
The factual situation you describe in your letter, however, is distinguishable from the ownership interest involved in King'sGate. In that case, the stockholders did not lease the lots but were entitled to occupy the sites solely by reason of their stock ownership in the corporation holding title to the land. Thus, the mobile home owners were included within the enumerated classes of persons entitled to the homestead exemption under ss. 196.031 and196.041, F.S. In the instant inquiry, the mobile home owners, upon purchase of membership in the corporation, are entitled only to lease the property, paying rent to the corporation.
This office has previously considered whether owners of modular homes who leased their lots were entitled to the homestead exemption. Attorney General Opinion 70-84 concluded that the owner of a modular home located on land held under a lease "would not have `the legal or equitable title to real estate' under Florida law requiring such for homestead [tax] exemption" in the absence of either a contrary judicial decision or an express legislative definition. This office stated that the lessee's right to the homestead exemption would have to be based on some legal or equitable title to real estate other than the leasehold described.
Based upon the above discussion, I am of the opinion that a mobile home owner who otherwise meets the statutory requirements for the homestead exemption is not entitled to the exemption when the land on which the mobile home is located is owned by a corporation organized as a cooperative association which requires each mobile home owner to purchase a membership certificate in the corporation and to pay rent in order to occupy his mobile home.
[1] Section 196.141, F.S. See, this office's Statement Concerning Attorney General Opinions, Annual Report of the Attorney General, 1990, p. ix, stating that Attorney General Opinions are intended to address only questions of law, not questions of fact or mixed questions of law and fact.
[2] See, Rule 12D-7008, F.A.C., and examples cited therein.
[3] Section 6(a), Art. VII, State Const. And see, s. 6(b), Art. VII, State Const., providing in part that no exemption shall exceed the value of the real estate assessable to the owner or, in the case of ownership through stock or membership in a corporation, the value of the proportion which his interest in the corporation bears to the assessed value of the property." Seealso, Commentary to s. 6, Art. VII, State Const. 
[4] Section 196.031(2), F.S.
[5] Id.
[6] Although at first glance it would appear that the Legislature had effectively declared cooperative apartment ownership to be ownership of realty, cooperative apartments are not otherwise considered interests in realty. For example, a cooperative apartment, unlike a condominium, does not qualify in Florida as a homestead for purposes of limitations on devise.See, In re Estate of Wartels, 357 So.2d 708 (Fla. 1978), in which the Court distinguished ownership of a condominium from that of a cooperative, pointing out that a cooperative involves ownership of shares in a corporation joined with a lease of the premises. A condominium, however, is a statutorily created form of ownership whereby the condominium owner holds title to real property. The condominium owner does not pay rent to occupy and use his dwelling unit or the real property upon which the unit is located. The basis for the ruling in Wartels was that ownership of a cooperative apartment is a stock rather than a realty interest and that the statute allowing a homestead tax exemption was confined to taxation only.
[7] Section 196.041, F.S.
[8] See, s. 719.103(8), F.S., defining "[c]ooperative" for purposes of Ch. 719, F.S., as that form of ownership of real property wherein legal title is vested in a corporation or other entity and the beneficial use is evidenced by an ownership interest in the association and a lease or other muniment of title or possession granted by the association as the owner of all the cooperative property.And see, s. 719.103(2), F.S., defining "Association" as the corporation for profit or not for profit that owns the record interest in the cooperative property or a leasehold of the property of a cooperative and that is responsible for the operation of the cooperative.
[9] See, Dickinson v. Davis, 224 So.2d 262 (Fla. 1969); Sharer v. Hotel Corporation of America, 144 So.2d 813 (Fla. 1962) (it should never be presumed that Legislature intended to enact purposeless or useless legislation).
[10] See, e.g., Thayer v. State, 335 So.2d 815
(Fla. 1976).
[11] Attorney General Opinion 80-32.
[12] See, State ex rel. Atlantic Coast Line R. Co. v. State Board of Equalizers, 94 So. 681 (Fla. 1922); Pickerill v. Schott, 55 So.2d 716, 719 (Fla. 1951).
[13] 426 So.2d 74 (2 D.C.A. Fla., 1983).
[14] Id. The court went on to state that "[i]f King's Gate members are qualified to obtain homestead exemption on these sites, it follows that their interest in their respective sites is one of ownership." 426 So.2d at 76.