795 So.2d 1001 (2001)
PREWITT MANAGEMENT CORPORATION, Appellant,
v.
Gary R. NIKOLITS, as Palm Beach County Property Appraiser, Appellee.
No. 4D99-3986.
District Court of Appeal of Florida, Fourth District.
August 15, 2001.
Rehearing Denied October 4, 2001.
Frank J. McKeown, Jr. of McKeown and Associates, P.A., West Palm Beach, for appellant.
*1002 Eddie E. Stephens, III and Jay R. Jacknin of Christiansen & Jacknin, West Palm Beach, for appellee.
DAMOORGIAN, DORIAN K., Associate Judge.
Appellant, Prewitt Management Corp. (PMC), appeals from a final summary judgment entered in favor of appellee, Gary R. Nikolits, as Palm Beach County Property Appraiser (Nikolits). The following material facts are undisputed. PMC is a sub chapter S corporation whose sole shareholder is Hal D. Prewitt (Prewitt). Prewitt loaned money to PMC to purchase residential real property in Palm Beach County where Prewitt and his family permanently reside.
Subsequent to PMCs purchase, it sought a homestead exemption for the property. Nikolits, as Palm Beach County Property Appraiser, denied the exemption because [o]wnership by a corporation is not permitted an exemption of homestead.
PMC then petitioned the Value Adjustment Board for relief from Nikolitss denial of the exemption. After a hearing, the Value Adjustment Board granted PMC the exemption. Nikolits subsequently filed an action in circuit court against PMC to reestablish the property assessment.
The trial court ultimately entered summary judgment in favor of Nikolits, finding that no exemption was appropriate and that the property should be assessed as it originally was by appellee. This appeal ensued.
The issue on appeal is whether a corporate entity of a type not enumerated under sections 196.031 or 196.041, Florida Statutes (1997), which holds title to residential real property, qualifies for the homestead tax exemption under Article VII, section 6 of the Florida Constitution.
PMC argues that the statutory list of corporate entities entitled to a homestead exemption is not exclusive thus, it is entitled to such an exemption pursuant to the Florida Constitution. Conversely, Nikolits responds that the list is exclusive therefore PMC, as an S corporation, does not fall within one of the enumerated types of corporate entities entitled to the homestead tax exemption. Accordingly, he argues that PMC is not entitled to an exemption.
A trial court may enter summary judgment only when there are no genuine issues of material fact conclusively shown from the record and the movant is entitled to judgment as a matter of law. See Fla. R. Civ. P. 1.510(c); Albelo v. S. Bell, 682 So.2d 1126, 1129 (Fla. 4th DCA 1996). All doubts and inferences must be resolved against the moving party, and if there is the slightest doubt or conflict in the evidence, then summary judgment is not available. See id. This court should conduct a de novo review. See Menendez v. The Palms W. Condo. Assn, 736 So.2d 58, 60-61 (Fla. 1st DCA 1999).
This case concerns the homestead exemption from ad valorem taxation. Article VII, section 6(a), of the Florida Constitution provides that:

Every person who has the legal or equitable title to real estate and maintains thereon the permanent residence of the owner, or another legally or naturally dependent upon the owner, shall be exempt from taxation thereon, except assessments for special benefits, up to the assessed valuation of five thousand dollars, upon establishment of right thereto in the manner prescribed by law. The real estate may be held by legal or equitable title, by the entireties, jointly, in common, as a condominium, or indirectly by stock ownership or membership representing the owners or members proprietary interest in the corporation owning a fee or a leasehold initially in excess of ninety-eight years.
*1003 (Emphasis added). The legislature then codified Article VII, section 6 in statutory form:
(1) Every person who, on January 1, has the legal title or beneficial title in equity to real property in this state and who resides thereon and in good faith makes the same his or her permanent residence, or the permanent residence of another or others legally or naturally dependent upon such person, is entitled to an exemption from all taxation, except for assessments for special benefits, up to the assessed valuation of $5,000 on the residence and contiguous real property, as defined in s. 6, Art. VII of the State Constitution.... However, no such exemption of more than $5,000 is allowed to any one person or on any one dwelling house, except that an exemption up to the assessed valuation of $5,000 may be allowed on each apartment or mobile home occupied by a tenant-stockholder or member of a cooperative corporation and on each condominium parcel occupied by its owner.... Before such exemption may be granted, the deed or instrument shall be recorded in the official records of the county in which the property is located....
(2) ... the term tenant-stockholder or member means an individual who is entitled, solely by reason of his or her ownership of stock or membership in a cooperative corporation, as evidenced in the official records of the office of the clerk of the circuit court of the county in which the apartment building is located, to occupy for dwelling purposes an apartment in a building owned by such corporation or to occupy for dwelling purposes a mobile home which is on or a part of a cooperative unit.
§ 196.031, Fla. Stat. (1997). The legislature also enacted a provision entitled Extent of homestead exemptions which described different scenarios where the exemption would apply to those holding equitable title to homestead property:
(1) Vendees in possession of real estate under bona fide contracts to purchase...; persons residing on real estate by virtue of dower or other estates therein limited in time ...; and leasees owning the leasehold interest in a bona fide lease having an original term of 98 years or more ... for the purpose of homestead exemptions from ad valorem taxes and no other purpose, shall be deemed to have legal or beneficial and equitable title to said property. In addition, a tenant-stockholder or member of a cooperative apartment corporation who is entitled solely by reason of ownership of stock or membership in the corporation to occupy for dwelling purposes an apartment in a building owned by the corporation, for the purpose of homestead exemption from ad valorem taxes and for no other purpose, is deemed to have beneficial title in equity to said apartment and a proportionate share of the land on which the building is situated.
(2) A person who otherwise qualifies by the required residence for the homestead tax exemption provided in s. 196.031 shall be entitled to such exemption where the persons possessory right in such real property is based upon an instrument granting to him or her a beneficial interest for life, such interest being hereby declared to be equitable title to real estate, as that term is employed in s. 6, Art. VII of the State Constitution; and such person shall be entitled to the homestead tax exemption irrespective of whether such interest was created prior or subsequent to the effective date of this act.
§ 196.041, Fla. Stat. (1997).
Both parties agree that a wholly owned corporation which qualifies for sub chapter *1004 S status under the Internal Revenue Service Code is not on the list of corporate entities under section 196.031 that qualify for homestead exemption.
Appellee points to a Department of Revenue Advisory Opinion (DOR AO) which he claims that he must follow. See § 192.011, Fla. Stat. (1997) (Extension on the tax rolls shall be made according to regulation promulgated by the department in order properly to reflect the general law.). In DOR AO 95-007, a chief assistant general counsel for the department opined that there was no legal authority to determine that property owned by a S corporation is entitled to a homestead exemption because it is not one of the exclusive list. DOR AO 95-007 relies on Attorney General Opinions ("AGO") 80-32 and 92-2 which allegedly state that section 196.031 is an exclusive list.
AGO 92-2 answered a property appraisers query as to whether a mobile home owner who purchases a membership in a corporation that owns the land on which the mobile home sits, but must still pay rent for use of the land, is entitled to a homestead exemption. The Attorney General, relying on AGO 80-32, opined that sections 196.031 and 196.041 demonstrate the legislatures intent to extend the homestead exemption to only those listed in the statute, and to none others. He continued that the exemption would apply to those whose interests in the corporation entitled them to occupy the land without paying additional rent.
AGO 80-32 answered the same question in the same manner. In doing so, the assistant attorney general stated:
This history of the constitutional and statutory provisions pertinent to the instant inquiry seems to establish that the Legislature has placed its interpretation on the terms of s. 6 of Art. VII of the 1968 Revised Constitution and the constitutional definition of real property and legal and beneficial title in equity thereto as used in s. 6(a), Art. VII of the 1968 Revised Constitution. The language employed in ch. 67-339, now found in ss. 196.031 and 196.041, F. S., would seem to demonstrate that the Legislature purposed the additional extension of the homestead tax exemption only to owners of condominium and cooperative apartments and no others. The other enumerated class or classes of persons in ss. 196.031 and 196.041 are, of course, if otherwise eligible, qualified for and entitled to the prescribed homestead exemption.
Op. Atty Gen. Fla. 80-31 (1980).
Thus, both the Attorney Generals Office and the Department of Revenue believe that the legislature intended to extend the homestead exemption exclusively to the list of corporately owned properties in sections 196.031 and 196.041.
Appellant acknowledges the AGO cited by appellee, but points to another DOR AO which supports its position. In DOR AO 91-00053, a husband and wife lived in the top half of a building and ran a restaurant out of the bottom half. The building was owned by a corporation that the husband and wife wholly owned. The DORs Ad Valorem Tax Counsel opined, based on Mikos v. King's Gate Club, Inc., 426 So.2d 74 (Fla. 2d DCA 1983), that the husband and wife qualified for the exemption, but only as to the upper half of the building. Thus, in 1991, the Department of Revenue was of the opinion that residential property owned through a corporation was entitled to the exemption.
PMC further argues that the legislature did not have the constitutional authority to legislate an exclusive list of qualifying entities because the constitutional provision itself is broader than the concomitant legislation. Appellant urges that the equitable title language added to Article VII, *1005 section 6 in 1968 codified Manda v. Sinclair, 278 F.2d 629 (5th Cir.1960), which held that an individual was entitled to a homestead exemption in property owned by a corporation he wholly owned.[1] Finally, PMC argues that even if the legislature did have the authority to legislate an exclusive list of entities entitled to claim homestead exemption, neither legislative initiative expressed such an intent.
As to the issue of whether the legislative initiatives conflict with Article VII, section 6 of the Florida Constitution, the legislature properly exercised its authority by enacting sections 196.031 and 196.041, and we find no conflict between Article VII, section 6 of the Florida Constitution and these statutes.
Next, we turn to sections 196.031 and 196.041 to determine whether either statute is of doubtful meaning. It is a well established principle of Florida law that the plain meaning of statutory language is the paramount consideration of statutory construction. See Capers v. State, 678 So.2d 330, 332 (Fla.1996); St. Petersburg Bank & Trust Co. v. Hamm, 414 So.2d 1071, 1073 (Fla.1982). Further, the familiar rule of statutory construction expressio unius est exclusio alterius requires that when a law expressly describes a particular situation where something should apply, an inference must be drawn that what is not included by specific reference was intended to be omitted or excluded. See Lowe v. Broward County, 766 So.2d 1199, 1208 (Fla. 4th DCA 2000), rev. denied, SC00-2252, 789 So.2d 346 (Fla. Apr. 4, 2001). Applying these rules of statutory construction to the applicable statutes leads this court to the inescapable conclusion that the legislature intended to extend the homestead exemption only to owners of condominium and cooperative apartments and no others.
The only authority to the contrary, DOR AO 91-0053, is not binding authority, contains no analysis, and merely relies on the constitutional language and the second district's opinion in Mikos. We have considered the constitutional language and found it consistent with our holding. Mikos also supports our holding because that court held that members of a mobile home corporation were properly taxed as property owners, noting that they directly fall within the scope of Article VII, section 6(a). 426 So.2d at 76. Such members of a mobile home corporation are also expressly included within the scope of sections 196.031 and 196.041.
In sum, the Florida Legislature has provided an exclusive list of equitably owned properties entitled to a homestead exemption from ad valorem taxation. Because appellant's property is not part of the exclusive list, it was not entitled to an exemption. Accordingly, the summary judgment for appellee is affirmed.
We also affirm the trial court's refusal to entertain appellant's counterclaim for lack of subject matter jurisdiction. See § 194.171, Fla. Stat. (1997); Nikolits v. Delaney, 719 So.2d 348 (Fla. 4th DCA 1998)(subsection 194.171(2)'s time limit provides for subject matter jurisdiction); Bancroft Inv. Corp. v. City of Jacksonville, 157 Fla. 546, 27 So.2d 162, 171 (1946)(substance over form).
Affirmed.
POLEN, C.J. and TAYLOR, J., concur.
NOTES
[1] When possible, courts should construe statutes so as not to conflict with the constitution. See Russo v. Akers, 724 So.2d 1151, 1153 (Fla.1998). This, appellant argues, is because the constitution is paramount over statutes.