Mr. V. Frank Desguin Charlotte County Property Appraiser 18500 Murdock Circle Port Charlotte, Florida 33948-1076
Dear Mr. Desguin:
As Property Appraiser for Charlotte County you have asked for my opinion on substantially the following question:
May one or more of the partners in a foreign limited liability partnership claim homestead exemption from taxation in the real property of the partnership or a part thereof?
According to information supplied with your request, the general partners of a limited liability partnership formed pursuant to Colorado law have filed for a homestead exemption on Florida residential property.
Article VII, section 6(a), of the Florida Constitution, states that:
"Every person who has the legal or equitable title to real estate and maintains thereon the permanent residence of the owner, or another legally or naturally dependent upon the owner, shall be exempt from taxation thereon, except assessments for special benefits, up to the assessed valuation of five thousand dollars, upon establishment of right thereto in the manner prescribed by law. The real estate may be held by legal or equitable title, by the entireties, jointly, in common, as a condominium, or indirectly by stock ownership or membership representing the owners or members proprietary interest in a corporation owning a fee or a leasehold initially in excess of ninety-eight years."
The Legislature has implemented this constitutional provision through section 196.031(1), Florida Statutes, which provides:
"(1) Every person who, on January 1, has the legal title or beneficial title in equity to real property in this state and who resides thereon and in good faith makes the same his or her permanent residence, or the permanent residence of another or others legally or naturally dependent upon such person, is entitled to an exemption from all taxation, except for assessments for special benefits, up to the assessed valuation of $5,000 on the residence and contiguous real property, as defined in s. 6, Art. VII of the State Constitution. . . . . However, no such exemption of more than $5,000 is allowed to any one person or on any one dwelling house, except that an exemption up to the assessed valuation of $5,000 may be allowed on each apartment or mobile home occupied by a tenant-stockholder or member of a cooperative corporation and on each condominium parcel occupied by its owner. . . . . Before such exemption may be granted, the deed or instrument shall be recorded in the official records of the county in which the property is located. . . . ."
The Legislature has qualified this statutory language by defining the terms "cooperative corporation" and "tenant-stockholder or member" as those terms are used in subsection (1).[1]
Section 196.041, Florida Statutes, delineates those holding equitable title to homestead property who may claim a homestead exemption:
"(1) Vendees in possession of real estate under bona fide contracts to purchase . . .; persons residing on real estate by virtue of dower or other estates therein limited in time . . .; and lessees owning the leasehold interest in a bona fide lease having an original term of 98 years or more . . ., for the purpose of homestead exemptions from ad valorem taxes and no other purpose, shall be deemed to have legal or beneficial and equitable title to said property. In addition, a tenant-stockholder or member of a cooperative apartment corporation who is entitled solely by reason of ownership of stock or membership in the corporation to occupy for dwelling purposes an apartment in a building owned by the corporation, for the purpose of homestead exemption from ad valorem taxes and for no other purpose, is deemed to have beneficial title in equity to said apartment and a proportionate share of the land on which the building is situated.
(2) A person who otherwise qualifies by the required residence for the homestead tax exemption provided in s. 196.031 shall be entitled to such exemption where the person's possessory right in such real property is based upon an instrument granting to him or her a beneficial interest for life, such interest being hereby declared to be "equitable title to real estate," as that term is employed in s. 6, Art. VII of the State Constitution; and such person shall be entitled to the homestead tax exemption irrespective of whether such interest was created prior or subsequent to the effective date of this act."
Neither section 196.031, Florida Statutes, nor section 196.041, Florida Statutes, includes a foreign limited liability partnership in the list of entities that qualify for homestead exemption.
The Attorney General's Office, the Department of Revenue and the courts of this state have concluded that the Legislature intended to limit the list of equitably owned properties in sections196.031 and 196.041, Florida Statutes, to those specifically enumerated. Attorney General's Opinion 92-02 responded to a property appraiser's question whether a mobile home owner who purchased a membership in a corporation that owned the land on which the mobile home was located, but who was still required to pay rent for use of the land, was entitled to a homestead exemption. This office concluded that sections 196.031 and196.041 demonstrate the Legislature's intent to extend the homestead exemption only to those listed in the statute, and to no others. The opinion concluded that the exemption would not be available to the mobile home owner under the described circumstances.
Attorney General's Opinion 92-02 relied on an earlier opinion, Attorney General's Opinion 80-32, in which this office considered substantially the same question and stated:
"This history of the constitutional and statutory provisions pertinent to the instant inquiry seems to establish that the Legislature has placed its interpretation on the terms of s. 6 of Art. VII of the 1968 Revised Constitution and the constitutional definition of real property and legal and beneficial title in equity thereto as used in s. 6(a), Art. VII of the 1968 Revised Constitution. The language employed in . . . ss. 196.031 and196.041, F.S., would seem to demonstrate that the Legislature purposed the additional extension of the homestead tax exemption only to owners of condominium and cooperative apartments and no others. The other enumerated class or classes of persons in ss.196.031 and 196.041 are, of course, if otherwise eligible, qualified for and entitled to the prescribed homestead exemption."[2]
In a recent decision by the Fourth District Court of Appeal,Prewitt Management Corporation v. Nikolits,[3] the court framed the issue on appeal as "whether a corporate entity of a type not enumerated under sections 196.031 or 196.041, Florida Statutes (1997), which holds title to residential real property, qualified for the homestead tax exemption under Article VII, section 6 of the Florida Constitution."[4] The court cited the Attorney General Opinions discussed above, as well as a Florida Department of Revenue Advisory Opinion[5] and its own statutory analysis to conclude that "the Florida Legislature has provided an exclusive list of equitably owned properties entitled to a homestead exemption from ad valorem taxation. Because appellant's property is not part of the exclusive list, it was not entitled to an exemption."[6]
Exemptions from tax are to be strictly construed against the taxpayer.[7] Moreover, under the principle of statutory construction, "expressio unius est exclusio alterius," the express mention of one exemption implies the exclusion of others.[8] Thus, where a statute expressly references exemptions and specifies the situations where those exemptions apply, "an inference must be drawn that what is not included by specific reference was intended to be omitted or excluded."[9]
In light of the limitations in sections 196.031 and 196.041, Florida Statutes, previous opinions of this office and the Department of Revenue, and the case of Prewitt ManagementCorporation v. Nikolits, it is my opinion that the general partners of a foreign limited liability partnership are not entitled to claim a homestead exemption on residential property owned by the partnership.[10]
Sincerely,
Charlie Crist Attorney General
CC/tgh
[1] Section 196.031(2), Fla. Stat., specifically provides:
"As used in subsection (1), the term "cooperative corporation" means a corporation, whether for profit or not for profit, organized for the purpose of owning, maintaining, and operating an apartment building or apartment buildings or a mobile home park to be occupied by its stockholders or members; and the term "tenant-stockholder or member" means an individual who is entitled, solely by reason of his or her ownership of stock or membership in a cooperative corporation, as evidenced in the official records of the office of the clerk of the circuit court of the county in which the apartment building is located, to occupy for dwelling purposes an apartment in a building owned by such corporation or to occupy for dwelling purposes a mobile home which is on or a part of a cooperative unit. A corporation leasing land for a term of 98 years or more for the purpose of maintaining and operating a cooperative thereon shall be deemed the owner for purposes of this exemption."
[2] Attorney General's Opinion 80-32.
[3] 795 So.2d 1001 (4th DCA Fla., 2001), rev. den.819 So.2d 138 (Fla. 2002).
[4] Id. at p. 1002.
[5] The court cited Department of Revenue Advisory Opinion 95-007, concluding that there was no legal authority to determine that property owned by an S corporation is entitled to a homestead exemption because it is not one of the exclusive list contained in s. 196.031, Fla. Stat.
[6] 795 So.2d at 1005.
[7] See, State Department of Revenue v. Anderson, 403 So.2d 397
(Fla. 1981); Regal Kitchens Inc. v. Florida Department ofRevenue, 641 So.2d 158 (Fla. 1st DCA 1994).
[8] See, Young v. Progressive Southeastern Ins. Co.,753 So.2d 80 (Fla. 2000).
[9] See, Crescent Miami Center, LLC v. Department of Revenue,857 So.2d 904 (Fla. 3rd DCA 2003); Prewitt Management Corporationv. Nikolits, 795 So.2d 1001 (Fla. 4th DCA 2001); see also FloridaDept of Revenue v. Florida Municipal Power Agency, 789 So.2d 320
(Fla. 2001) (language used by Legislature determines the meaning of the statute).
[10] I note that your letter references Attorney General's Opinion 52-642 which concluded that the general partners of a limited partnership could claim homestead tax exemption. I would note that the statutes relied upon in this opinion were enacted after the 1952 opinion and that case law developed since 1952, coupled with changes in constitutional and statutory law, would not necessarily support the conclusion reached in Attorney General's Opinion 52-642. See, e.g., 29 Fla. Jur. 2d Homesteads
s. 23, stating "[t]he principle is established that partnership property cannot constitute the homestead property of one partner prior to the dissolution of the partnership."