Dear Mr. Nikolits:
You ask substantially the following question:
 Is the homestead exemption available to individuals who hold beneficial title to property via a life estate granted by an entity that does not qualify for the homestead exemption?
Article VII, section 6, Florida Constitution, provides for a homestead exemption from ad valorem taxation for "[e]very person who has the legal or equitable title to real estate and maintains thereon the permanent residence of the owner. . . ." The real estate may be held by "legal or equitable title, by the entireties, jointly, in common, as a condominium, or indirectly by stock ownership or membership representing the owner's or member's proprietary interest in a corporation owning a fee or a leasehold initially in excess of ninety-eight years."[1]
The Legislature has implemented this constitutional provision through section 196.031(1), Florida Statutes, which provides:
 "Every person who, on January 1, has the legal title or beneficial title in equity to real property in this state and who resides thereon and in good faith makes the same his or her permanent residence, or the permanent residence of another or others legally or naturally dependent upon such person, is entitled to an exemption from all taxation, except for assessments for special benefits, up to the assessed valuation of $5,000 on the residence and contiguous real property, as defined in s. 6, Art. VII of the State Constitution. Such title may be held by the entireties, jointly, or in common with others, and the exemption may be apportioned among such of the owners as shall reside thereon, as their respective interests shall appear. If only one of the owners of an estate held by the entireties or held jointly with the right of survivorship resides on the property, that owner is allowed an exemption of up to the assessed valuation of $5,000 on the residence and contiguous real property. However, no such exemption of more than $5,000 is allowed to any one person or on any one dwelling house, except that an exemption up to the assessed valuation of $5,000 may be allowed on each apartment or mobile home occupied by a tenant-stockholder or member of a cooperative corporation and on each condominium parcel occupied by its owner. Except for owners of an estate held by the entireties or held jointly with the right of survivorship, the amount of the exemption may not exceed the proportionate assessed valuation of all owners who reside on the property. Before such exemption may be granted, the deed or instrument shall be recorded in the official records of the county in which the property is located. The property appraiser may request the applicant to provide additional ownership documents to establish title."[2]
Section 196.041, Florida Statutes, delineates those holding equitable title to homestead property who may claim a homestead exemption.[3]
Subsection (2) of the statute provides:
 "A person who otherwise qualifies by the required residence for the homestead tax exemption provided in s. 196.031 shall be entitled to such exemption where the person's possessory right in such real property is based upon an instrument granting to him or her a beneficial interest for life, such interest being hereby declared to be "equitable title to real estate," as that term is employed in s. 6, Art. VII of the State Constitution; and such person shall be entitled to the homestead tax exemption irrespective of whether such interest was created prior or subsequent to the effective date of this act."[4]
(e.s.)
You refer to Attorney General Opinion 04-45, which considered whether partners in a Colorado limited liability partnership could claim a homestead exemption for property owned by the partnership. This office concluded that the general partners of a foreign limited partnership were not entitled to claim a homestead exemption on the residential property owned by the partnership. In reaching this conclusion, this office relied on earlier opinions of this office and the decision by the Fourth District Court of Appeal in Prewitt Management Corporation v. Nikolits,[5] in which the court held that a corporate entity of a type not enumerated under section 196.031 or section 196.041, Florida Statutes, which holds title to residential real property, is not qualified for the homestead tax exemption under Article VII, section 6 of the Florida Constitution.[6]
Both Attorney General Opinion 04-45 and the Prewitt decision involved claims to homestead based on the claimants' membership in a corporation of a type not enumerated under section 196.031 or section 196.041, Florida Statutes. In both instances, the claimants based their homestead claim on the partnership's or corporation's legal title. Neither this office's opinion nor the court decision involved individuals who possessed equitable title due to a life estate having been granted.
This office in Attorney General Opinion 90-70 recognized that pursuant to the provisions of section 196.041(2), Florida Statutes, a trust beneficiary specifically granted a life estate in real property by the trust may qualify for the homestead exemption.[7] The statute bases entitlement to the homestead exemption on the person seeking the exemption, not on the entity granting the life estate.
Accordingly, I am of the opinion that the homestead exemption is available to an individual who holds beneficial title to property under an instrument granting such individual a life estate even though such interest is granted by an entity that does not qualify for the homestead exemption.
Sincerely,
 Charlie Crist Attorney General
CC/tjw
[1] Article VII, s. 6(a), Fla. Const. 
[2] And see s. 196.031(2), Fla. Stat., which defines the term "cooperative corporation" and "tenant-stockholder or member":
 "As used in subsection (1), the term "cooperative corporation" means a corporation, whether for profit or not for profit, organized for the purpose of owning, maintaining, and operating an apartment building or apartment buildings or a mobile home park to be occupied by its stockholders or members; and the term "tenant-stockholder or member" means an individual who is entitled, solely by reason of his or her ownership of stock or membership in a cooperative corporation, as evidenced in the official records of the office of the clerk of the circuit court of the county in which the apartment building is located, to occupy for dwelling purposes an apartment in a building owned by such corporation or to occupy for dwelling purposes a mobile home which is on or a part of a cooperative unit. A corporation leasing land for a term of 98 years or more for the purpose of maintaining and operating a cooperative thereon shall be deemed the owner for purposes of this exemption."
[3] See s. 196.041(1), Fla. Stat., which provides:
 "Vendees in possession of real estate under bona fide contracts to purchase when such instruments, under which they claim title, are recorded in the office of the clerk of the circuit court where said properties lie, and who reside thereon in good faith and make the same their permanent residence; persons residing on real estate by virtue of dower or other estates therein limited in time by deed, will, jointure, or settlement; and lessees owning the leasehold interest in a bona fide lease having an original term of 98 years or more in a residential parcel or in a condominium parcel as defined in chapter 718, or persons holding leases of 50 years or more, existing prior to June 19, 1973, for the purpose of homestead exemptions from ad valorem taxes and no other purpose, shall be deemed to have legal or beneficial and equitable title to said property. In addition, a tenant-stockholder or member of a cooperative apartment corporation who is entitled solely by reason of ownership of stock or membership in the corporation to occupy for dwelling purposes an apartment in a building owned by the corporation, for the purpose of homestead exemption from ad valorem taxes and for no other purpose, is deemed to have beneficial title in equity to said apartment and a proportionate share of the land on which the building is situated."
And see Rule 12D-7.008, Fla. Admin. C.
[4] And see Rule 12D-7.009(1), Fla. Admin. C., stating that a life estate will support a claim for homestead exemption.
[5] 795 So. 2d 1001 (Fla. 4th DCA 2001), review denied, 819 So. 2d 138
(Fla. 2002).
[6] And see Op. Att'y Gen. Fla. 80-32 (1980), in which this office stated the language employed in ss. 196.031 and 196.041, Fla. Stat., "would seem to demonstrate that the Legislature purposed the additional extension of the homestead tax exemption only to owners of condominium and cooperative apartments and no others. The other enumerated class or classes of persons in ss. 196.031 and 196.041 are, of course, if otherwise eligible, qualified for and entitled to the prescribed homestead exemption."
[7] Compare Op. Att'y Gen. Fla. 94-50 (1994), in which this office stated that homestead exemption is not available to the beneficiary of a trust that grants the beneficiary a possessory interest for a term of years in the corpus of the trust, despite the fact that the beneficiary might otherwise meet the requirements of section 196.031(1), Florida Statutes.