Dear Mr. Desguin:
As Property Appraiser for Charlotte County you have asked for my opinion on substantially the following question:
May property owned by a limited liability company qualify for a homestead exemption?
You state that an individual who resides in Charlotte County has applied for the homestead exemption on property that is owned by a limited liability company. According to your letter, the applicant states that "the LLC was formed to meet the Federal Tax Guidelines for performing a 1031 reverse to exchange and that he is the sole owner and never engaged in any business practices." It appears that the applicant is referring to 26 U.S.C. section 1031 which provides for the exchange of property held for productive use or investment under the Internal Revenue Code. Subsection (a)(1) provides:
"No gain or loss shall be recognized on the exchange of property held for productive use in a trade or business or for investment if such property is exchanged solely for property of like kind which is to be held either for productive use in a trade or business or for investment."
While the applicant may be the sole owner of the limited liability company, title to the property is in the name of the limited liability company. Article VII, section 6(a), of the Florida Constitution, states:
"Every person who has the legal or equitable title to real estate and maintains thereon the permanent residence of the owner, or another legally or naturally dependent upon the owner, shall be exempt from taxation thereon, except assessments for special benefits, up to the assessed valuation of five thousand dollars, upon establishment of right thereto in the manner prescribed by law. The real estate may be held by legal or equitable title, by the entireties, jointly, in common, as a condominium, or indirectly by stock ownership or membership representing the owners or members proprietary interest in a corporation owning a fee or a leasehold initially in excess of ninety-eight years."
The Legislature has implemented this constitutional provision with the enactment of section 196.031(1), Florida Statutes, which provides:
"Every person who, on January 1, has the legal title or beneficial title in equity to real property in this state and who resides thereon and in good faith makes the same his or her permanent residence, or the permanent residence of another or others legally or naturally dependent upon such person, is entitled to an exemption from all taxation, except for assessments for special benefits, up to the assessed valuation of $5,000 on the residence and contiguous real property, as defined in s. 6, Art. VII of the State Constitution. . . . However, no such exemption of more than $5,000 is allowed to any one person or on any one dwelling house, except that an exemption up to the assessed valuation of $5,000 may be allowed on each apartment or mobile home occupied by a tenant-stockholder or member of a cooperative corporation and on each condominium parcel occupied by its owner. . . ."[1]
Section 196.041, Florida Statutes, delineates those holding equitable title to homestead property who may claim a homestead exemption:
"(1) Vendees in possession of real estate under bona fide contracts to purchase . . .; persons residing on real estate by virtue of dower or other estates therein limited in time . . .; and lessees owning the leasehold interest in a bona fide lease having an original term of 98 years or more . . ., for the purpose of homestead exemptions from ad valorem taxes and no other purpose, shall be deemed to have legal or beneficial and equitable title to said property. In addition, a tenant-stockholder or member of a cooperative apartment corporation who is entitled solely by reason of ownership of stock or membership in the corporation to occupy for dwelling purposes an apartment in a building owned by the corporation, for the purpose of homestead exemption from ad valorem taxes and for no other purpose, is deemed to have beneficial title in equity to said apartment and a proportionate share of the land on which the building is situated.
(2) A person who otherwise qualifies by the required residence for the homestead tax exemption provided in s. 196.031 shall be entitled to such exemption where the person's possessory right in such real property is based upon an instrument granting to him or her a beneficial interest for life, such interest being hereby declared to be "equitable title to real estate," as that term is employed in s. 6, Art. VII of the State Constitution; and such person shall be entitled to the homestead tax exemption irrespective of whether such interest was created prior or subsequent to the effective date of this act."
Neither section 196.031, Florida Statutes, nor section 196.041, Florida Statutes, includes a limited liability company in the list of entities that qualify for homestead exemption.
In Prewitt Management Corporation v. Nikolits[2] the Fourth District Court of Appeal considered whether a corporate entity of a type not enumerated under sections 196.031 or 196.041, Florida Statutes which holds title to residential real property, qualified for the homestead tax exemption under Article VII, section 6, Florida Constitution. The case involved a sub chapter S corporation (PMC) whose sole shareholder was Mr. Prewitt. Subsequent to its acquisition of the property, PMC sought a homestead exemption for the property on which Mr. Prewitt and his family were residing. The property appraiser denied the exemption because ownership by a corporation is not permitted an exemption of homestead.
PMC argued that the Legislature did not have the constitutional authority to legislate an exclusive list of qualifying entities because the constitutional provision itself is broader than the concomitant legislation, stating that the equitable title language in Article VII, section 6, Florida Constitution, added in 1968, "codified Manda v.Sinclair, 278 F.2d 629 (5th Cir. 1960), which held that an individual was entitled to a homestead exemption in property owned by a corporation he wholly owned."[3] In addition, the corporation argued that even if the Legislature did have the authority to legislate an exclusive list of entities entitled to claim homestead exemption, neither section 196.031, Florida Statutes, nor section 196.041, Florida Statutes, expressed such an intent.
The court rejected the argument that sections 196.031 and 196.041, Florida Statutes, conflicted with Article VII, section 6 of the Florida Constitution, stating that the Legislature properly exercised its authority by enacting these statutes. In addition, the court, applying the plain meaning rule of statutory construction and the rule ofexpressio unius est exclusio alterius,[4] concluded that the "Legislature has provided an exclusive list of equitably owned properties entitled to a homestead exemption from ad valorem taxation."[5] Since PMC's property was not part of the exclusive list, it was not entitled to an exemption.
In reaching such a conclusion, the court relied on several Attorney General Opinions as well as a Florida Department of Revenue Advisory Opinion.[6] More recently, this office in an opinion addressed to your office considered the issue of a limited liability corporation. In Attorney General Opinion 04-45, this office concluded that the general partners of a foreign limited liability partnership are not entitled to claim a homestead exemption on residential property owned by the partnership. This office noted that exemptions are to be strictly construed against the taxpayer.[7] In addition, the statute's express mention of which beneficial owners may claim homestead inferred that those not specified in the statute were intended to be excluded.[8]
Thus, in light of the limitations in sections 196.031 and 196.041, Florida Statutes, previous opinions of this office and the Department of Revenue, and the case of Prewitt Management Corporation v.Nikolits, this office concluded that the general partners of a foreign limited liability partnership were not entitled to claim a homestead exemption on residential property owned by the partnership.[9]
While Attorney General Opinion 04-45 involved a foreign limited liability partnership with one of the partners residing in Florida, the conclusions reached in that opinion appear equally applicable to your instant inquiry.[10] As noted above, the company which held title to the property under consideration by the court in Prewitt ManagementCorporation v. Nikolits, supra, was owned by one individual who resided on the property. However, since the company was not among those listed in sections 196.031 and 196.041, Florida Statutes, it was not entitled to the exemption. Similarly, in the instant inquiry, limited liability companies are not among those listed in sections 196.031 and 196.041. While the individual is the sole owner of the limited liability company, it is the company which holds title to the property.
Accordingly, I am of the opinion that property owned by a limited liability company does not qualify for a homestead exemption.
Sincerely,
 Bill McCollum Attorney General
BM/tjw
[1] See s. 196.031(d) and (e), Fla. Stat., increasing the exemption to $25,000 for every person who is entitled to the exemption under subsection (1) and who is a permanent resident of the state. Andsee s. 196.031(2), Fla. Stat., which specifically provides:
"As used in subsection (1), the term `cooperative corporation' means a corporation, whether for profit or not for profit, organized for the purpose of owning, maintaining, and operating an apartment building or apartment buildings or a mobile home park to be occupied by its stockholders or members; and the term `tenant-stockholder or member' means an individual who is entitled, solely by reason of his or her ownership of stock or membership in a cooperative corporation, as evidenced in the official records of the office of the clerk of the circuit court of the county in which the apartment building is located, to occupy for dwelling purposes an apartment in a building owned by such corporation or to occupy for dwelling purposes a mobile home which is on or a part of a cooperative unit. A corporation leasing land for a term of 98 years or more for the purpose of maintaining and operating a cooperative thereon shall be deemed the owner for purposes of this exemption."
[2] 795 So. 2d 1001 (4th DCA Fla., 2001), rev. den. 819 So. 2d 138
(Fla. 2002).
[3] 795 So. 2d at 1005.
[4] Under the rule of statutory construction expressio unius estexclusio alterius, when a law expressly describes a particular situation where something should apply, an inference must be drawn that what is not included by specific reference was intended to be omitted or excluded.
[5] 795 So. 2d at 1005.
[6] See Ops. Att'y Gen. Fla. 92-02 (1992) (ss. 196.031 and 196.041, Fla. Stat., demonstrate the Legislature's intent to extend the homestead exemption only to those listed in the statute, and to no others; thus, the exemption would not be available to the mobile home owner who purchased a membership in a corporation that owned the land on which the mobile home was located, but who was still required to pay rent for use of the land); and 80-32 (1980), in which this office stated:
"This history of the constitutional and statutory provisions pertinent to the instant inquiry seems to establish that the Legislature has placed its interpretation on the terms of s. 6 of Art. VII of the 1968 Revised Constitution and the constitutional definition of `real property' and `legal and beneficial title in equity' thereto as used in s. 6(a), Art. VII of the 1968 Revised Constitution. The language employed in . . . ss. 196.031 and 196.041, F.S., would seem to demonstrate that the Legislature purposed the additional extension of the homestead tax exemption only to owners of condominium and cooperative apartments and no others. The other enumerated class or classes of persons in ss. 196.031 and 196.041 are, of course, if otherwise eligible, qualified for and entitled to the prescribed homestead exemption."
And see Department of Revenue Advisory Opinion 95-007, concluding that there was no legal authority to determine that property owned by an S corporation is entitled to a homestead exemption because it is not one of the exclusive list contained in s. 196.031, Fla. Stat.
[7] 795 So. 2d at 1005.
[8] See, State Department of Revenue v. Anderson, 403 So. 2d 397 (Fla. 1981); Regal Kitchens, Inc. v. Florida Department of Revenue,641 So. 2d 158 (Fla. 1st DCA 1994).
[9] See, Young v. Progressive Southeastern Ins. Co., 753 So. 2d 80
(Fla. 2000); Crescent Miami Center, LLC v. Department of Revenue,857 So. 2d 904 (Fla. 3rd DCA 2003); Prewitt Management Corporation v.Nikolits, supra.
[10] Attorney General Opinion 04-45 notes that Attorney General Opinion 52-642 concluded that the general partners of a limited partnership could claim homestead tax exemption; however, as sections196.031 and 196.041, Florida Statutes, were enacted after the 1952 opinion and in light of subsequent case law, the conclusion reached in the earlier opinion would no longer appear to be supportable.