994 So.2d 492 (2008)
Ervin A. HIGGS, etc., Appellant,
v.
William Leo WARRICK, etc., Appellee.
No. 3D08-564.
District Court of Appeal of Florida, Third District.
November 12, 2008.
R. Laine Wilson Harris, John C. Dent, Jr., and Dent & Johnson, Sarasota, for appellant.
Katz-Baskies, Jeffrey A. Baskies, Boca Raton, Ruden, McClosky, Smith, Schuster & Russell, and John H. Pelzer, Ft. Lauderdale, for appellee.
Before GERSTEN, C.J., RAMIREZ, J., and SCHWARTZ, Senior Judge.
GERSTEN, C.J.
Ervin A. Higgs, property appraiser for Monroe County, Florida ("the property appraiser"), appeals from an adverse summary final judgment in favor of William Leo Warrick ("the homeowner"). We affirm.
The homeowner created a trust using his single family Monroe County residence as the res. After the homeowner placed his home in the trust, he continued to reside in the home. Thereafter, the homeowner, as trustee, applied for and received homestead exemption on the property. Subsequently, the homeowner transferred the trust to his heirs in exchange for a *493 ninety-nine-year lease on the property. Following this transfer, although he continued to reside in the home, the property appraiser denied the homeowner his homestead exemption.
The homeowner, pursuant to his administrative right, petitioned the Value Adjustment Board ("VAB") for his homestead exemption. After the VAB granted the homeowner the homestead exemption, the property appraiser challenged the VAB's ruling in the circuit court. The circuit court entered final summary judgment in favor of the homeowner, and the property appraiser appealed.
On appeal, the property appraiser contends that the VAB misinterpreted the applicable homestead exemption statutes. The homeowner, however, asserts that the trial court correctly entered summary judgment based upon the homestead statutes. We agree with the homeowner.
At the outset, courts interpret statutes by first looking to the actual language of the statute, and reading that language for its plain and ordinary meaning. See e.g., Koile v. State, 934 So.2d 1226 (Fla.2006). Here, the pertinent statutes are sections 196.031 and 196.041, Florida Statutes (2005).
Section 196.031 provides a homestead exemption to [e]very person who ... has the legal or beneficial title in equity to real property in this state and who resides thereon and in good faith makes the same his or her permanent residence. Section 196.041 states that lessees owning the leasehold interest in a bona fide lease having an original term of 98 years or more in a residential parcel ... shall be deemed to have legal or beneficial and equitable title to said property.
The plain and ordinary meaning of sections 196.031 and 196.041 clearly provides that a 98-year-plus lessee of a residential parcel permanently occupied as a residence qualifies for a homestead exemption. Therefore, both the VAB and the trial court correctly determined that the homeowner should receive a homestead exemption.
Accordingly, we affirm the judgment below. To the extent our ruling conflicts with Prewitt Management Corp. v. Nikolits, 795 So.2d 1001 (Fla. 4th DCA 2001), we certify conflict.
Affirmed.